Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ÁNGEL DAVID DÍAZ AYALA; DIANA DILÁN SANTIAGO<br><br>Apelados<br><br>v.<br><br>GERALDO AYALA RODRÍGUEZ; MARISELA VÁZQUEZ RIVERA<br><br>Apelantes | TA2026AP00419 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala de GUAYAMA<br><br>Caso Núm.: PA2025CV00100<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

El 24 de abril del año en curso, Geraldo Ayala Rodríguez, Marisela Vázquez Rivera y la Sociedad Legal de Gananciales por ambos compuesta (en conjunto, los apelantes), presentaron una *Apelación* ante nos. Mediante esta, nos solicitan la revocación de la *Sentencia* dictada en el caso de epígrafe por el Tribunal de Primera Instancia, Sala de Guayama (TPI o foro primario) con fecha del 16 de octubre de 2025, notificada el 17. Por virtud del aludido dictamen, el foro primario declaró con lugar la *Demanda* de Desahucio instada contra los apelantes, ordenándoles desalojar la propiedad que a dicha fecha ocupaban.

Evaluados los argumentos de las partes, con el beneficio de la transcripción del juicio en su fondo celebrado el 15 de octubre del 2025, así como aquella de la vista celebrada en el caso el 19 de marzo de 2026, en virtud del derecho aplicable que más adelante consignamos, resolvemos confirmar el dictamen apelado.

-I-

Los hechos procesales del pleito tratan sobre los mismos detallados en la *Sentencia* emitida el 6 de febrero de 2026, en el recurso TA2025AP00565. Por consiguiente, a continuación, transcribimos e incorporamos los más de relevantes de estos a la presente.

El 28 de mayo de 2025, Ángel David Díaz Ayala y Diana Dilán Santiago (en conjunto, los apelados) presentaron una Demanda sobre desahucio en precario en contra de los apelantes.[1] Allí explicaron que, "[l]a parte demandada ocupa en tal calidad la estructura que le pertenece a la parte demandante de forma precaria sin pagar canon o merced alguna y en contra de la voluntad de los demandantes quienes son los legítimos dueños y titulares".[2]

El 12 de junio de 2025, el señor Gerardo Ayala Rodríguez (Ayala Rodríguez) presentó su *Contestación a la Demanda*, en la cual expuso que había adquirido la finca mediante un contrato verbal.[3] Luego, el 16 de junio de 2025, el TPI celebró una vista en la que indicó lo siguiente:

> Debido a las controversias en este caso, manifiesta el Tribunal que el caso debe verse de manera presencial con toda la prueba. Se trabajará con el mapa Catastral del CRIM y se ubicará la propiedad. Convierte el proceso en uno ordinario, por lo que abre el término para el descubrimiento de prueba.[4]

El 18 de junio de 2025, se presentó el emplazamiento por edicto a la señora Marisela Vázquez Rivera (Vázquez Rivera).[5] El 26 de julio de 2025, esta interpuso su *Contestación a la Demanda*.[6] Mientras tanto, el 15 de septiembre de 2025, las partes presentaron el *Informe de Conferencia con Antelación al Juicio Enmendado*.[7] Mediante el mismo, los apelantes enmendaron sus defensas afirmativas para alegar que hubo una usucapión.

---

[1] Véase, Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] *Íd.*
[3] Entrada Núm. 5 de SUMAC TPI.
[4] *Íd.,* Entrada Núm. 10.
[5] *Íd.*, Entrada Núm. 13.
[6] *Íd.*, Entrada Núm. 17.
[7] *Íd.*, Entrada Núm. 22.

También, informaron que, como parte de su prueba testifical, traerían como testigo al señor Julio Rivera García. Según allí se informó, este testificaría "sobre la venta de la casa y terreno aquí concernido a los demandados y el historial de las posiciones del barrio".[8]

El juicio en su fondo se celebró el 15 de octubre de 2025. En el mismo, se presentaron los testimonios de los apelados y el de los apelantes. Recibidos los testimonios, así como la prueba documental admitida en evidencia, el 17 de octubre de 2025 el foro primario notificó la sentencia apelada. En esta, formuló las siguientes determinaciones de hechos:

1. La Parte Demandante demostró ser titular y dueño en pleno dominio de la propiedad que se describe a continuación:

   ---RÚSITCA: Predio de terreno marcado "G" en el plano de inscripción radicado en el Barrio Marín Alto del término municipal de Patillas, Puerto Rico, con una cabida superficial de 1,217.51 metros cuadrados, equivalentes a 3977 cien milésimas de cuerdas y en lindes, por el NORTE con la parcela "F", por el SUR, con la faja de terreno y el remanente de la finca principal, por el ESTE, con faja de terreno y por el OESTE, con el remanente de la finca principal de la cual se segrega ----------- ---------------------------

   ---Enclava casa residencial de una sola planta construida en bloques y cemento techada con hormigón con dimensiones de 21 pies de frente por 35 pies de fondo dividida en tres cuartos dormitorios, cocina, comedor, sala, medio balcón y un cuarto de baño con un pozo séptico. -------------------------

2. La descrita propiedad fue adquirida por los demandantes en virtud de la Escritura Número 27 otorgada en Patillas, Puerto Rico el 17 de marzo de 2023 ante el Notario Ángel L. Montañez Morales.

3. La descrita propiedad consta inscrita a favor de los demandantes, al Folio 186 del Tomo 156 de Patillas, Finca Número 6977.

4. Dicha propiedad aparece registrada a nombre de la parte demandante en el Centro de Recaudación de Ingresos Municipales (CRIM) catastro # 374-000-005-31-001.

5. A la fecha de adquisición de la propiedad, la cual se encontraba deshabitada, el demandado vivía en Pennsylvania. Para la época de diciembre de 2023 el demandado ocupó sin autorización la propiedad en controversia, aduciendo que se iría cuando comprara una finca. El demandante le concedió el término de varias semanas.

---

[8] *Íd.,* página 6.

6. Para febrero de 2024 se le requirió legalmente el desalojo de la propiedad.

7. No existe contrato de arrendamiento entre las partes.

8. El demandado no presentó evidencia que sostenga derecho alguno de uso, posesión, dominio o titularidad de la propiedad.

9. Dicha propiedad le perteneció al demandado en el pasado, no obstante, le fue ejecutada legalmente por el banco acreedor y vendida en pública subasta.

10. Luego tuvo varios dueños registrales hasta el actual, quien es el demandante.

11. El Tribunal en juicio, utilizó la plataforma del CRIM Digital para identificación de la finca. La misma aparece registrada a nombre del de los demandantes. Se admitió como evidencia la siguiente prueba documental:

Exhibit I – Escritura de Compraventa Número 27 otorgada el 17 de marzo de 2023 ante el Notario Ángel Luis Montañez Morales.

Exhibit II (a) – Estado de Cuenta del CRIM sobre la propiedad con número de catastro 374-000-005-31-001.

Exhibit II (b) – Certificación de Valor del CRIM sobre parcela 31 localizada en el Barrio Marín, Carretera 755, KM HM 3.0, Patillas, Puerto Rico.

Exhibit II (c) – Foto de la propiedad de la página del CRIM digital.

Exhibit III – Certificación Registral de la Finca Número 6977 suscrita a favor de la parte demandante expedida el 4 de agosto de 2025.

Exhibit IV – Copias certificadas de la demanda sobre cobro de dinero y ejecución de hipoteca presentada por Santander Financial Services, Inc. contra el codemandado, Gerardo Ayala Rodriguez.

Exhibit V – Carta del 17 de febrero de 2024 dirigida al codemandado, Gerardo Ayala Rodriguez concediéndole 20 días para desalojar la propiedad, firmada por el Lcdo. Ángel Luis Montañez Morales, entonces representante legal del Sr. Ángel David Díaz Ayala.

Basándose en las determinaciones de hechos antes listadas, como ya mencionamos, el foro primario declaró Con Lugar la Demanda de desahucio y ordenó el desalojo de la propiedad en controversia. Inconforme, el 28 de octubre de 2025, los apelantes sometieron *Moción de Reconsideración, Solicitud de Determinaciones de Hechos Adicionales y Emisión de Nueva Sentencia o Vista Evidenciaria.* Al día siguiente, el TPI resolvió: "No

Ha Lugar. El término es uno jurisdiccional." Inconformes aun con esto, los apelantes acudieron ante este Tribunal de Apelaciones mediante el recurso TA2025AP00565.[9] Tras los trámites de rigor, el 6 de febrero de 2026, se dictó *Sentencia* en cuanto a este mediante la cual se devolvió el caso al foro primario para que atendiera la solicitud de reconsideración y determinaciones de hechos adicionales instada por los apelantes. Esto, pues contrario a lo resuelto por el foro primario, al haberse convertido el pleito a uno ordinario, dicho escrito fue sometido a tiempo.

En atención a lo resuelto, el 11 de febrero de 2026, el tribunal ordenó a los apelantes a informar de forma conjunta tres fechas disponibles para celebrar vista evidenciaria. Informadas esta, la audiencia se señaló y celebró el 19 de marzo de 2026. El 25 de marzo de este año, el TPI dictó *Resolución* en la que recogió las incidencias ocurridas durante la vista evidenciaria, luego de lo que declaró No Ha Lugar la solicitud de reconsideración.

En desacuerdo con ello, los apelantes instaron el recurso de epígrafe y señalaron la comisión de los siguientes errores:

> Primer Error: Erró el Honorable Tribunal de Instancia al determinar que el predio de terreno o inmueble, propiedad de la parte demandante, el cual adquirió mediante la escritura Número 27 del 17 de marzo de 2023, ante el Notario Ángel Luis Montañez Morales, incluye la estructura que ocupan los demandados.

> Segundo Error: Erró el Honorable Tribunal de Instancia al no permitir que un testigo de la parte demandada testificar por razón de haber sido mencionado erróneamente en la Conferencia con Antelación al Juicio, esto, contrario a lo resuelto en el caso *Pueblo v. De la Cruz Maceira*.

> Tercer Error: Erró el Honorable Tribunal de Primera Instancia al declarar NO HA LUGAR nuestra moción de Reconsideración,

---

[9] En su recurso, los apelantes señalaron la comisión de los siguientes errores:

Primer Error: Erró el Honorable Tribunal de Instancia al no atender adecuadamente la Moción de Reconsideración o determinación de hechos adicionales por entender que aplicaban los términos del Código de Enjuiciamiento Civil e ignorar que había convertido el caso a uno ordinario.
Segundo Error: Erró el Honorable Tribunal de Instancia al determinar que el predio de terreno o inmueble, propiedad de la parte demandante, el cual adquirió mediante la escritura Número 27 del 17 de marzo de 2023, ante el Notario Ángel Luis Montañez Morales, incluye la estructura que ocupan los demandados.
Tercer Error: Erró el Honorable Tribunal de Instancia al no permitir que un testigo de la parte demandada testificar[a] por razón de haber sido mencionado erróneamente en la Conferencia con Antelación al Juicio, esto, contrario a lo resuelto en el caso Pueblo v. De la Cruz Maceira.

Solicitud de Hechos adicionales y Emisión de Nueva Sentencia o Vista Evidenciaria. Primero porque a pesar de que el TPI anunció que iba a celebrar una vista evidenciaria no lo hizo, pero consideró nuestra moción de reconsideración y otros extremos. Segundo, cometió error en derecho al exigir prueba documental para sostener nuestra posición, ignorando el estado de derecho puertorriqueño. Ver Regla 110(D) de evidencia, Ley Número 46 de 20 de julio de 2019, según enmendada. 32 LPRA Ap VI Regla 110.

Cuarto Error: Erró el TPI al desconocer y no tomar conocimiento judicial sobre la existencia del Interdicto posesorio que presentaran el señor Geraldo Ayala Rodríguez y la señora Marisela Vázquez Rivera el cual está bajo la atención del Honorable Juez Elías Rivera Fernández.

Atendido el recurso, el 30 de abril de 2026. Le ordenamos a los apelados a someter su posición en cuanto al recurso. Ese día, por su parte, los apelantes presentaron la transcripción de la vista evidenciaria del 19 de marzo de 2026. Tras solicitar y obtener una extensión de tiempo, los apelados comparecieron el 29 de mayo del año en curso mediante *Alegato en Oposición*.

Contamos con la comparecencia de ambas partes, por lo que damos por sometido el asunto ante nuestra consideración y procedemos atenderlo, no sin antes exponer la normativa vigente.

-II-

*A.*

El desahucio es el remedio que tiene el propietario de un inmueble arrendado para recobrar judicialmente su posesión. Markovic v. Meldon y Fitzgerald, 2025 TSPR 99, 216 DPR __ (2025); Adm. Vivienda Publica v. Vega Martínez, 200 DPR 235, 240 (2018). El desahucio puede solicitarse en un proceso ordinario o en un proceso sumario.

El Código de Enjuiciamiento Civil dispone la normativa establecida en cuanto al procedimiento especial de desahucio sumario. 32 LPRA sec. 2821, *et sec*. Este carácter sumario responde al interés del Estado de atender con agilidad la reclamación del dueño de un inmueble que ha sido impedido de ejercer su derecho a poseer y disfrutarlo. Cooperativa v. Colón Lebrón, 203 DPR 812, 820 (2020); Adm. Vivienda Pública v. Vega Martínez,

*supra*. Habida cuenta de ello, tal proceder sumario permite limitar y acortar ciertos términos y prescindir de ciertos trámites del proceso ordinario, sin que ello conlleve suprimir o negar al demandado oportunidad real de presentar sus defensas durante el litigio. Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226, 241-245 (1992). Así pues, a tenor con el Art. 623 del Código de Enjuiciamiento Civil, *supra*, un pleito de desahucio se promueve por medio de una demanda redactada conforme a lo prescrito para un pleito ordinario bajo las Reglas de Procedimiento Civil.[10] No obstante, las partes deberán comparecer dentro de un término reducido; se deberá celebrar el juicio dentro de los diez (10) días siguientes a la fecha en que se presentó la reclamación. *Íd.* Desfilada la prueba, el tribunal debe dictar sentencia declarando si procede o no el desahucio dentro de un término mandatorio no mayor de diez (10) días.[11]

El fin principal del proceso de desahucio es recuperar la posesión material de una propiedad inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que la ocupa. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 10 (2016). Por eso, el Art. 725 del Código Civil de Puerto Rico establece que la persona con derecho a poseer un bien tiene acción para promover el juicio de desahucio contra cualquier poseedor sin derecho a poseer.[12]

Las controversias que se pueden dilucidar en el procedimiento sumario de desahucio son limitadas, pues lo único que se pretende recobrar es la posesión del inmueble. Markovic v. Meldon y Fitzgerald, *supra*; Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 413-414 (2009). Es decir, no se pueden dilucidar cuestiones de titularidad en un procedimiento de desahucio. *Íd.* No obstante, cuando la parte demandada presenta otras defensas afirmativas, puede solicitar que el procedimiento de desahucio se

---

[10] 32 LPRA sec. 2824.
[11] 32 LPRA sec. 2826.
[12] 31 LPRA sec. 7863.

convierta al trámite ordinario, permitiendo la concurrencia o consolidación de otras acciones o defensas. ATPR v. SLG Volmar-Mathieu, *supra*.

*B.*

Es norma hartamente conocida en nuestro ordenamiento jurídico que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos en "la apreciación de la prueba", la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Peña Rivera v. Pacheco Caraballo*, 213 DPR 1009, 1011 (2024) al citar a *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022) y otros.

Esta deferencia judicial, está predicada en que los jueces de las salas de instancias están en mejor posición de aquilatar la prueba testifical debido a que estos tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. *Íd.*, al mencionar a *Ortiz Ortiz v. Medtronic*, *supra* a la pág. 779, y otros. La deferencia debida a los foros primarios se extiende tanto a la adjudicación de credibilidad que éstos realizan sobre los testigos que declaran ante sí, como a las determinaciones de hechos que el juzgador de hechos realiza. *Pueblo v. Negrón Ramírez*, 213 DPR 895, 897 (2024), al citar a *Pueblo v. Toro Martínez*, 200 DPR 834, 836 (2018) y otros. Sin embargo, a modo de excepción, los foros apelativos estamos en las mismas condiciones que el tribunal de instancia para intervenir y apreciar *de novo* la prueba documental que se haya presentado en un juicio. *Id.*, al citar a *Díaz García v. Aponte Aponte*, 125 DPR 1, 3 (1989). Así pues, la regla de deferencia discutida se exceptúa cuando se trata de determinaciones de hechos que se apoyan exclusivamente en prueba documental o pericial, ya que los tribunales apelativos estamos en idéntica posición que el tribunal inferior al examinar este tipo de prueba y adoptar nuestro propio criterio. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022) al citar a *González Hernández v. González Hernández*, 181 DPR 746 (2011).

Es menester señalar que existe error manifiesto cuando el foro apelativo queda convencido de que existe un conflicto entre las conclusiones alcanzadas por el Tribunal de Primera Instancia y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Entiéndase pues, cuando la apreciación de la prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble. *Peña Rivera v. Pacheco Caraballo*, *supra* a la pág. 1012. Por su parte, el concepto de pasión, prejuicio y parcialidad han sido definido como aquellas inclinaciones personales de tal intensidad que llevan a un juzgador a actuar movido por éstas y a adoptar posiciones, preferencias o rechazos con respecto a las partes o sus causas, sin admitir cuestionamientos sobre las mismas y sin importar la prueba que se haya presentado en el juicio. *Pueblo v. Negrón Ramírez*, *supra*, al mencionar a *Ortiz Ortiz v. Medtronic*, *supra* y demás casos allí citados.

Aparte de lo previamente consignado, un foro apelativo puede intervenir con las determinaciones de hechos y la apreciación de la prueba si se demuestra que este incurrió en un abuso de discreción al apreciar y adjudicarla. A tales efectos, se incurre en abuso de discreción cuando el juez: "(1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable".

*C.*

La Regla 37 de Procedimiento Civil, 32 LPRA Ap. V R. 37, regula el manejo de los casos ante los tribunales de primera instancia. La Regla 37.1 de Procedimiento Civil, *supra,* maneja la reunión entre los abogados para el manejo del caso. A tales efectos, la mencionada regla establece que, en todos los casos contenciosos, exceptos los allí excluidos, se deberá celebrar una

reunión entre los abogados o abogadas de las partes y en esta se llevarán a cabo los siguientes asuntos:

(a) Intercambiar copia legible de todo documento, material audiovisual o información almacenada electrónicamente bajo custodia, posesión o control, que cualquier parte pueda usar en apoyo de las alegaciones o defensas formuladas.

(b) En los casos de división y liquidación de bienes, intercambiar un inventario, una descripción y la valoración estimada por las partes, y copia de todos aquellos documentos requeridos mediante ley o reglamento para la tramitación del caso.

(c) Intercambiar el nombre, la dirección y el número de teléfono de toda persona que pueda tener información relevante del caso que pueda ser objeto de descubrimiento de prueba, y un resumen de dicha información.

(d) Evaluar la necesidad o conveniencia de designar un comisionado o una comisionada, bien sea un administrador o administradora judicial, contador partidor o contadora partidora, liquidador o liquidadora, tasador o tasadora, síndico, árbitro o árbitra, tutor o tutora, persona perito, comisionado o comisionada especial, administrador o administradora ad hoc o cualquier otro recurso humano, para lo cual incluirán el nombre de un candidato o una candidata por acuerdo o de dos candidatos o candidatas con quienes previamente hayan conversado y que estén disponibles para aceptar la encomienda.

(e) Intercambiar el nombre, la dirección, el número de teléfono y el currículum vítae de cualquier persona perita consultada o de aquellas que se proponen utilizar, incluso las personas peritas de ocurrencia. Proveer un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que las sostienen y el término para la presentación de los informes periciales.

(f) Preparar un plan itinerario de todo descubrimiento de prueba que se propongan realizar, incluyendo las fechas para su cumplimiento y para las deposiciones de partes, testigos y personas peritas, si alguna han de hacer. Incluirán los mecanismos de descubrimiento de prueba que utilizarán, si alguno, y el término dentro del cual se realizará.

(g) Evaluar el caso conforme a la reglamentación relativa a los métodos alternos para la solución de conflictos.

(h) Informar los pleitos relacionados pendientes, por presentarse o sujetos a consolidación.

(i) Estipulaciones para facilitar la tramitación del litigio.

(j) Transacciones.

Como producto de la reunión entre los abogados, se preparará el *Informe para el manejo del caso* donde se incluirán todos los acuerdos alcanzados en la reunión y se presentará ante el TPI. Habiéndose

presentado dicho informe, y no más tarde de sesenta (60) días luego de tal presentación, el tribunal celebrará una conferencia inicial en la que se considerarán, las enmiendas a las alegaciones, las estipulaciones de hechos y documentos, de forma tal que se evite un descubrimiento adicional y la presentación de prueba innecesaria, los límites, el alcance y el término final para concluir el descubrimiento de prueba pendiente, entre muchas otras cosas. [13]

Por otro lado, en aquellos casos que estén señalados para la conferencia inicial, el tribunal emitirá una orden para la calendarización del proceso que recogerá las disposiciones y los acuerdos. Los términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de Procedimiento Civil.[14] Esta última dispone que si una parte o su abogado o abogada incumple con los términos y señalamientos de la Regla 37.3 de Procedimiento Civil, *supra,* o si incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, se le impondrá a la parte o su abogado o abogada la sanción económica que corresponda. Es importante señalar que conforme este lenguaje, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, *supra,* a la pág. 205.

De otra parte, es menester mencionar que en los casos señalados para conferencia con antelación al juicio los abogados o las abogadas de las partes se reunirán entre sí por lo menos quince (15) días antes de la fecha en la que la conferencia con antelación al juicio está pautada para preparar el *Informe preliminar entre abogados y abogadas*. En lo pertinente, es menester señalar que el aludido informe deberá incluir la información señalada en la

---

[13] Véase, Regla 37.2 de Procedimiento Civil, *supra.*
[14] Véase, Regla 37.3 de Procedimiento Civil, *supra.*

Regla 37.4 de Procedimiento Civil, entre la que se encuentra una lista de cada parte con los nombres y las direcciones de las personas testigos, incluso los peritos y las peritas de ocurrencia, que testificarán en el juicio (excepto los testigos de impugnación o de refutación), incluso un resumen de su testimonio. **Conforme establece la mencionada regla, a menos que se demuestre justa causa, el tribunal no permitirá la presentación en el juicio de aquellos documentos, testigos, o controversias no identificadas que la misma requiere, teniéndose por renunciadas las objeciones y defensas que no se hayan especificado en el informe.**

-III-

Como ya indicamos en el acápite -I- de esta *Sentencia*, para atacar el dictamen apelado los apelantes señalan cuatro (4) errores. A continuación, atendemos cada uno de estos.

En primer lugar, los apelantes alegan que el TPI se equivocó al determinar que la estructura que ocupan está enclavada en el inmueble propiedad de los apelados y, por tanto, declarar Con Lugar la *Demanda* de desahucio y ordenarles desalojarla. Dicho argumento, descansa en que en la descripción registral de la propiedad de la que los apelados son titulares y dueños no menciona la casa que ocupan. Si bien aceptan que donde ubica esta última estructura tiene el mismo número catastral que la propiedad inmueble de los apelados, sostienen que tal hecho es uno irrelevante. Esto así, pues el CRIM no otorga titularidad sobre ningún inmueble bajo su jurisdicción. Por ello, reclaman que el foro primario no podía darle un valor probatorio al plano digital del CRIM sometido en evidencia más allá de como una simple ilustración.

De igual forma, para sustentar su primer señalamiento de error, los apelantes exponen que, durante el descubrimiento de prueba, los apelados reconocieron que al adquirir su propiedad no tomaron mensura del terreno que adquirían para asegurar su extensión. Por tal razón, cuestionan que los

apelados pretendan añadir a su predio aquel poseído por ellos sin razón jurídica alguna para ello.

En defensa de la *Sentencia* apelada, y contra estos argumentos específicos, los apelados sostienen que los apelantes no nos han colocado en posición de evaluar la prueba desfilada en el juicio, pues no presentaron una transcripción del juicio por desahucio. No obstante, afirmativamente exponen que, durante la vista en su fondo, quedó probado que: (1) adquirieron una propiedad ubicada en el municipio de Patillas, Puerto Rico; (2) dicha adquisición se formalizó mediante la escritura pública número 27 sobre compraventa, otorgada el 17 de marzo de 2023, ante el Notario Público Ángel Luis Montañez Morales, en Patillas, Puerto Rico; (3) al momento de la adquisición, la propiedad constaba de dos estructuras: una inscrita en el Registro de la Propiedad y otra que no surgía inscrita; (4) esta última estructura constituye el objeto de la controversia y motivó la demanda de desahucio presentada por los Apelados ante el TPI; y (5) la estructura en controversia, que es la ocupada por los Apelantes, se encuentra enclavada dentro del terreno adquirido por los apelados mediante la escritura antes mencionada.

De entrada, es menester señalar que es correcto el planteamiento de los apelados en cuanto a que los apelantes no acompañaron con su apelación la transcripción del juicio celebrado el 15 de octubre de 2025. Ahora, en la *Moción en atención de la Regla 76* presentada el 30 de abril de este año ante nos, entre otras cosas, informaron que en los autos del recurso TA2025AP00565 obraba la transcripción del juicio en su fondo, por lo que, con el fin de atender adecuadamente sus planteamientos en relación a la apreciación de la prueba, tomamos conocimiento de dicho recurso; particularmente, de la transcripción allí sometida.

Así pues, estudiada la transcripción del juicio en su fondo, así como aquella de la vista evidenciaria celebrada con posterioridad en el caso, no

encontramos que exista para con la apreciación de la prueba efectuada por el foro primario error manifiesto, pasión, prejuicio o parcialidad alguna de modo que nuestra intervención se justifique. Contrario a lo señalado por los apelantes, la decisión apelada no descansó solamente en el mapa digital del CRIM proyectado durante el juicio en su fondo. Por el contrario, se fundamentó en la totalidad de la prueba que tuvo ante sí, la que incluyó tanto los testimonios de los apelados, así como el de los apelantes durante el juicio celebrado en el caso.

Tras aquilatar el valor probatorio que tales declaraciones le merecieron, el foro primario encontró probado: (1) que los apelados son dueños en pleno dominio de la propiedad en controversia, (2) que dentro de la limitación territorial de esta se encuentran enclavadas dos estructuras, (3) que una de estas fue ocupada sin autorización de estos por los apelantes, y (4) que estos últimos no presentaron evidencia que sostenga en derecho su uso, posesión, dominio o titularidad.

En cuanto a esto último podría argumentarse en contrario, pues los apelantes al declarar, manifestaron insistentemente que la estructura que ocupaban les pertenecía y que esta fue obtenida por Ayala Rodríguez mediante un acuerdo verbal. Sin embargo, la realidad es que sus declaraciones fueron objeto del ejercicio evaluativo y la adjudicación de credibilidad del foro primario, el que como es harto conocido merece nuestro respeto. Más allá de sostener que el plano digital del CRIM era insuficiente para derrotar el hecho de que la descripción registral de la propiedad de los apelados solamente incluye una edificación, los apelantes no presentan argumentos suficientes en derecho para derrotar la apreciación de la prueba efectuada por el TPI.[15] Mucho menos impugnan la

---

[15] Al final de cuentas, nuestro Tribunal Supremo ha reconocido que la operación del Registro de la Propiedad confronta en la práctica dos realidades: la realidad registral y la extraregistral. Véase, *San Gerónimo Caribe Project v. Registradora*, 189 DPR 849 (2013). O sea, la realidad registral no siempre coincide con la realidad extraregistral. *Vázquez v. Administración de Reglamentos y Permisos,* 128 DPR 513, 531 (1991)

credibilidad que las declaraciones de los apelados le mereció al tribunal. Mediante estas, los apelados manifestaron que la propiedad comprada por ellos contenía dos estructuras.[16] Igualmente destacaron que la cabida del terreno adquirido por ellos mediante escritura es igual a aquella consignada en el plano del CRIM.[17] En fin, las determinaciones del TPI se sustentan no solo por la prueba documental presentada, sino también por aquella de naturaleza testifical. Por tanto, el primer error señalado por los apelantes no fue cometido.

Similar conclusión alcanzamos en cuanto al segundo error señalado. En la discusión de este, los apelantes afirman que el TPI se equivocó al no permitir el testimonio durante el juicio del Sr. Eugenio García Ayala (García Ayala), pues no existía duda que se equivocaron al anotar su nombre en el *Informe de Conferencia con Antelación al Juicio*. Según aducen, en este documento se informó erróneamente que el nombre del testigo era Julio Rivera García cuando debió indicarse el del García Ayala. Explican que este último era el único testigo de esto, además de su propio testimonio, y que fue debidamente identificado antes de la Conferencia con Antelación al Juicio. Así, al citar el caso de *Pueblo v. De la Cruz Maceira,* 106 DPR 378 (1977), establecen que lo importante es la persona y lo que va a testificar, no su nombre.

Los apelados, por su parte, niegan que el caso de *Pueblo v. De la Cruz Maceira*, *supra,* citado por los apelantes guarde relación con las circunstancias acaecidas en este caso. También, aseveran que el foro primario actuó correctamente al no permitir el testimonio de García Ayala, pues conforme las Reglas de Procedimiento Civil, las partes deben anunciar aquellos testigos que se proponen utilizar o de lo contrario, no podrán ser utilizados.

---

[16] Véase, TPO pág. 32, línea 20 a la pág. 33, línea 3.
[17] *Íd.*, pág. 37, líneas 1-13.

Según citamos, la Regla 37.4 de Procedimiento Civil, supra, requiere que entre la información que debe incluirse dentro del *Informe sobre Conferencia con Antelación al Juicio,* esté el nombre y dirección de las personas testigos, así como un resumen de su testimonio. Asimismo, la mencionada regla dispone que a menos que se demuestre justa causa, el tribunal no permitirá la presentación en el juicio de aquellos testigos que no fueron identificados como requiere.

En el presente caso no existe controversia alguna en cuanto a que García Ayala no fue anunciado como testigo dentro del Informe sobre Conferencia con Antelación al Juicio. Al surgir este hecho durante la vista en su fondo, su representación legal explicó que a lo mejor se equivocó de nombre; que aparentemente en el informe se cometió el error de poner el nombre que no era. Por su parte, el abogado de los apelados reclamó que la indagación que se hizo de los testigos se basó en el nombre que en efecto se incluyó en el informe, lo que le coloca en una desventaja, pues se desconoce sobre lo que declarará.

Escuchada ambas posturas, el tribunal resolvió no permitir su testimonio. Al así resolver, el TPI encontró que el error aludido por los apelantes no constituyó la justa causa a la que la Regla 37.4 de Procedimiento Civil, supra, hace alusión. No encontramos en los argumentos de los apelantes razón alguna por la que intervenir con esta decisión, por lo que no encontramos que el error que le imputa haya sido cometido.[18]

---

[18] Al estudiar la *Moción sobre citación de testigos* que los apelantes sometieron en el caso con fecha del 16 de marzo de 2026, apreciamos que allí indicaron que García Ayala testificaría "sobre las compraventas de inmuebles efectuadas en el Sector Los Barros que son pertinentes a este caso." Dicha descripción, notamos, es distinta a la brindada por los apelantes en cuanto al testigo anunciado en el *Informe sobre Conferencia con Antelación al Juicio,* por lo que no estamos convencidos de que en efecto se trate de un mero error sobre el nombre del testigo allí incluido. Abona a nuestro convencimiento el que, en la antes mencionada moción, también se incluyó a Julio Rivera García, testigo que sí fue incluido en el informe. La descripción sobre la declaración que este prestaría concuerda con aquella adelantada en el informe, por lo que, en todo caso, el error ocurrido es haberse incluido un testigo diferente al intencionado. Sin embargo, tal hecho por sí solo no constituye justa causa para que se permita el testimonio de un testigo que no fue anunciado durante el descubrimiento de prueba y que, para todos los efectos, constituye prueba sorpresa.

Atendemos ahora el tercer error señalado por los apelantes. Mediante la discusión de este, los apelantes reclaman que el TPI se equivocó al denegar su moción de reconsideración y exigirle prueba documental para sostener su posición e ignorar que, en nuestro ordenamiento jurídico, la evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente para establecer cualquier hecho. Así, exponen que durante el juicio en su fondo declararon y afirmaron que su casa residencial está fuera de los precios de la propiedad de los apelados.

Por su parte, señalan que, durante su testimonio, el Sr. Ángel David Díaz Ayala afirmó que la segunda estructura en su propiedad era una "casuchita pequeña". Aseveran que ciertamente la propiedad que viven es una casa de tamaño normal, por lo que es fácil inferir que esta está fuera del predio comprado por los apelados, tratándose de dos casas diferentes. Ante esto, le imputan error al foro primario en la apreciación de la prueba testifical y documental, de la que surge que el inmueble ejecutado adquirido por los apelados contenía una sola casa. Similar falta les atribuye al TPI por constreñir o limitar su prueba solamente a evidencia documental para probar su caso.

En oposición, los apelados plantean que la denegatoria de la solicitud de reconsideración efectuada por el foro primario fue una correcta, pues, habiéndoseles brindado oportunidad de someter prueba documental durante la vista evidenciaria celebrada el 19 de marzo del año en curso, así no lo hicieron.

Es correcto, tal cual arguyen los apelantes, que un hecho puede ser constatado solamente con la declaración de un testigo, por lo que no era necesario la presentación de prueba documental. Sin embargo, la corrección de su argumento no implica la ocurrencia del error que señalan. En primer lugar, sus testimonios, así como aquel de Díaz Ayala que discuten en su error ya fue objeto de evaluación por el foro primario la que resultó en la

sentencia que apelan. Segundo, nos parece que el requerimiento de prueba documental durante la vista evidenciaria respondió a que era este tipo de prueba la única que el foro primario estaría dispuesto a evaluar, pues cualquier prueba testifical debió haberse presentado al momento del juicio. Por consiguiente, tampoco se cometió el tercer error.

Resta atender el último error señalado por los apelantes. En este, para atacar el dictamen apelado, cuestionan el que el foro primario se negara a tomar conocimiento judicial de la acción de interdicto posesorio que interpelaron contra los apelados.[19] Reclaman que durante la vista evidenciaria del 16 de marzo de 2026, el TPI debió tomar conocimiento judicial de la existencia de dicho interdicto, dar el valor probatorio que este tuviera y cerciorarse de que los apelantes realmente tenían la titularidad de la estructura en la que su causa de desahucio descansa. No obstante, más allá de citar jurisprudencia relativa al conocimiento judicial, nada aportan que nos convenza de que este último error se cometió, por lo que no estamos convencidos de que así sea. Por consiguiente, no habiéndose cometido ninguno de los errores que los apelantes señalaron, la *Sentencia* dictada en el caso el 17 de octubre de 2025, así como la denegatoria a la moción de reconsideración que frente a esta instaron, deben confirmarse.

-IV-

Por las razones antes esbozadas, confirmamos la sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] Cabe mencionar que dicha acción de interdicto posesorio fue promovida luego de haberse emitido la sentencia recurrida.